**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| KEVIN FLANAGAN, *et al.*, vs. WYNDHAM INTERNATIONAL, INC., *et al.* | : | C.A. No.: 05-MC-23 S |
| BRIAN JAMES, *et al.*, vs. WYNDHAM INTERNATIONAL, INC., *et al.* | : | Now pending in the United States District Court for the District of the Virgin Islands as C.A. 2002/237-M/R and C.A. 2003/155-M/R |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO COMPEL**

Defendants Wyndham International, Inc., Wyndham Management Corp., Sugar Bay Club and Resort Corp., and Rik Blyth (collectively, "Defendants") respectfully submit this reply memorandum of law in support of their motion for an order compelling the production of five documents responsive to the subpoenae *duces tecum* issued to and served on Brian James and Linda James (the "Deponents").

This motion concerns the production of four documents withheld by the Plaintiffs.[1] As to three of the documents (J00032, J00037, and J00038), Plaintiffs asserted work product protection and attorney-client privilege. Each of these documents contains (1) notes, taken by Plaintiff Brian James, of a telephone call between Plaintiff Brian James and a representative of the Virgin Islands Attorney General, and (2) handwritten notes to Plaintiffs' counsel. As to the fourth (J00039-40), Plaintiffs only asserted work product protection. This document contains only notes, taken by Plaintiff Brian James, of a telephone call between him and a representative of the Virgin Islands Attorney General. *See* Defendants' Memorandum at Exhibit C.

[1] As Plaintiffs correctly note, the e-mail with an attached picture of the minor plaintiff B.J., sought in Defendants' moving papers, has now been produced. *See* Defendants' Memorandum at 9.

In each case, the "work product privilege" invoked in Plaintiffs' privilege log is followed by the parenthetical explanatory note "Common interest." *Id.* The meaning of the privilege log was plain: as to each of the four documents, Plaintiffs contended that they should not be produced based on the now-debunked theory that a "common interest" with the Virgin Islands Attorney General's office, and as to three of the documents, the handwritten notes to counsel constituted attorney-client communications, privileged from disclosure.

Now that this Court has rejected the "common interest" theory of withholding information from the Defendants, Plaintiffs have entirely re-cast the basis for withholding these documents, and ask this Court to conclude that each is ***entirely*** work product, independent of any "common interest," and further that each is ***entirely*** attorney-client communication. Neither of these assertions has any merit, and the documents should be produced with the handwritten notes to counsel – which Defendants concede to be privileged – redacted.[2]

Rhode Island law governing attorney-client privilege is well settled:

> It is well established that "[t]he **attorney-client privilege protects from disclosure only the confidential communications between a client and his or her attorney**." "The general rule is that communications made by a client to his attorney for the purpose of seeking professional advice, as well as the responses by the attorney to such inquiries, are privileged communications not subject to disclosure." The privilege must be narrowly construed because it limits the full disclosure of the truth. The mere

[2] Fed. R. Civ. P. Rule 45(d)(2) obliged the Plaintiffs to provide sufficient information about their withheld documents to enable Defendants "to contest the claim" that the documents were exempt from disclosure. This certainly includes specifying the actual legal basis for withholding the requested documents, as the Defendants cannot meaningfully challenge the Plaintiffs' decision to withhold the documents without a clear indication of the legal grounds that the Plaintiffs contend justify non-production. Under the "specify or waive" standard inherent in Rule 45(d)(2), Plaintiffs waived any arguments for non-production that were not included in their original privilege log. *See, e.g., In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001) ("the 'specify or waive' rule applies equally in the context of claims of work product privilege.").

> existence of a relationship between attorney and client does not raise a presumption of confidentiality.

*Callahan v. Nystedt*, 641 A.2d 58, 61 (R.I. 1994) (citations omitted; emphasis added).

The notes that Mr. James took during his telephone conversations with the Virgin Islands authorities are not attorney-client privileged for the simple reason that they are not attorney-client communications. The separate entries evidently made by Mr. James to his attorneys could be privileged, but the underlying notes cannot. Even the Plaintiffs' privilege log recognizes this difference, identifying "handwritten notes regarding communication with government representative," on the one hand, and "handwritten notes to counsel," on the other.[3] The mere transmittal of non-privileged communications to counsel does not render the underlying document privileged. *See, e.g., State v. Bertram*, 591 A.2d 14, 27-28 (R.I. 1991) ("'[t]he attorney-client privilege protects from disclosure only the confidential communications between a client and his or her attorney.'" (quoting *State v. von Bulow*, 475 A.2d 995, 1004 (R.I. 1984).

Defendants have not met their burden of proof to show work product status. That doctrine "protects work done by an attorney in anticipation of, or during, litigation from disclosure to the opposing party." *State of Maine v. U.S. Dept. of Interior*, 298 F.3d 60, 66 (1st Cir. 2002). The First Circuit limits work product protection to documents that were "prepared for litigation" by virtue of "hav[ing] been prepared or obtained because of the prospect of litigation." *Id.* at 68 (quoting *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998)).

---

[3] Likewise, the Plaintiffs' citation to *Bernbach v. Timex Corp.*, 174 F.R.D. 9 (D. Conn. 1997) is misplaced. In *Bernbach*, the district court concluded that a series of notebooks that a client had been asked to complete because she "was disorganized in thought and [] demanded ample hours of attorney time to articulate her concerns." The sole issue in *Bernbach* was whether the notebooks could be privileged where they contained no confidential facts. *Id.* at 10. Defendants do not make any similar contention here. Rather, Defendants contend only that whereas communications to an attorney are privileged, unprivileged documents later relayed to attorneys are not.

Defendants have not even claimed that the document was prepared "in anticipation of" or "because of" litigation. *See* B. James Decl. at ¶ 2 (purpose was to communicate "in connection with seeking and obtaining legal advice from [Williams & Connolly]"); J. Petrosinelli Decl. at ¶ 2 (same). As a matter of law, Plaintiffs have failed to meet their burden. *Pacamor Bearings, Inc. v. Minebea Co.*, 918 F. Supp. 491, 512 (D.N.H. 1996) (citing *In re Perrier Bottled Water Litig.*, 138 F.R.D. 348, 352 (D.Conn. 1991)).

The requirement that the party withholding information demonstrate a direct nexus between a document and "some specific litigation" (*James Julian Inc. v. Raytheon Co.*, 93 F.R.D. 138, 143 (D. Del. 1982)) is significant, and cannot be satisfied with unstated implications and unevidenced inferences.[4] For example, in *Harris v. Provident Life & Accident Ins. Co.*, 198 F.R.D. 26 (N.D.N.Y. 2000), the district court reversed a magistrate judge where he had merely credited the spare, conclusory affidavits offered to suggest that the work product doctrine applied. 198 F.R.D. at 30. Plaintiffs' declarations do not even meet the level of specificity in the *Harris* case, which at least ***mentioned*** the "anticipation of litigation." Here, there is no description whatsoever of the litigation purpose underlying the alleged instruction.[5]

[4] The work product doctrine is designed to protect from disclosure the mental processes and efforts of an attorney. By logical extension, it extends to work product prepared by others at the direction of counsel, in anticipation of litigation. However, the documents at issue were not prepared at any specific instruction of counsel. Counsel did not, for example, instruct Mr. James to contact the Virgin Islands authority and report back on the communication. Rather, counsel merely asked that he take notes of any conversations he might have. This is precisely analogous to a company's general counsel instructing employees to take notes of all of their meetings, and to report back to the general counsel's office on the result of the meetings. If Plaintiffs have their way, unscrupulous litigants would have a clear roadmap to lawful obstruction of the discovery process, undermining the modern discovery rules designed to permit "parties to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 500 (1947).

[5] The *Harris* court also concluded that "since the contents of the reports are solely within the knowledge of the plaintiff, her failure to make a request for an *in camera* inspection raises at

Moreover, it is clear that non-litigation purposes would have motivated Mr. James to take these notes with or without the involvement of counsel, eliminating any work product protection. The "because of" standard "does not protect from disclosure 'documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation.'" *State of Maine.* 298 F.3d at 70 (quoting *Adlman*, 134 F.3d at 1202). In light of Mr. James's admitted self-interest in taking notes, there is no reason to credit Mr. James's self-serving allegation that the documents were created "[a]s a result of these instructions." *Compare* Declaration of Brian James at ¶ 3, *with Pacamor Bearings*, 918 F. Supp. at 513 (suggesting that "affidavit from counsel indicating that such work was done at his direction in anticipation of specified litigation" may help determine application of doctrine).

Respectfully submitted,

Defendants Wyndham International, Inc.,
Wyndham Management Corp., Sugar Bay Club and
Resort Corp., and Rik Blyth,
by their attorneys,

Geoffrey W. Millsom (#6483)
Jeffrey K. Techentin (#6651)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607/751-0604
Dated: 6/7/05

---

least an inference that the reports would not have supported her position." 198 F.R.D. at 31. Plaintiffs have not requested *in camera* review; the same reasoning holds true here.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of June, 2005, a true and accurate copy of the within Reply Memorandum of Law in Support of Motion to Compel was sent by regular mail to Joseph G. Petrosinelli, Esq., WILLIAMS & CONNOLLY, LLP, 725 Twelfth St., N.W., Washington, D.C. 20005, and John A. Zebedee, Esq., 10 Norre Gade, 3rd Floor, P.O. Box 900, St. Thomas, U.S. Virgin Islands 00804.

*334928_1.doc*