**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| KEVIN FLANAGAN and EILEEN FLANAGAN, in their own right and as next friend of C.F., a minor,<br><br>vs.<br><br>WYNDHAM INTERNATIONAL, INC., WYNDHAM MANAGEMENT CORP., SUGAR BAY CLUB AND RESORT CORP., RIK BLYTH, and BRYAN HORNBY. | C.A. No.: 05-MC-23 S<br><br>Now pending in the United States District Court for the District of the Virgin Islands as C.A. 2002/237-G/C and C.A. 2003/155-G/C |
| BRIAN and LINDA JAMES, as parents and next friend, and on behalf of B.J., a minor,<br>vs.<br><br>WYNDHAM INTERNATIONAL, INC., WYNDHAM MANAGEMENT CORP., SUGAR BAY CLUB AND RESORT CORP., RIK BLYTH, and BRYAN HORNBY. | |

**MOTION FOR AWARD OF FEES AND COSTS**

Defendants Wyndham International, Inc., Wyndham Management Corp., Sugar Bay Club and Resort Corp., and Rik Blyth (collectively, "Defendants") hereby move for an order, pursuant to Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure, awarding Defendants their reasonable expenses incurred, including attorneys' fees, with respect to two motions filed by the Defendants, and granted by this Court. As the Court is aware, the Defendants issued and served subpoenae *duces tecum* on Plaintiffs Brian James and Linda James, and gained compliance with those subpoenae only after successfully bringing a motion to enforce those subpoenae, and a further motion to compel.

Rule 37(a)(4)(A) requires that because the Defendants' motions were granted,

> the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Because the Plaintiffs' nondisclosure and interposition of objections were not substantially justified, and no other circumstances exist that would make an award of expenses unjust, Defendants respectfully submit that an award of expenses is appropriate under Rule 37. The grounds for this motion are set forth in detail in the accompanying Memorandum of Law, and in the affidavits of counsel, attached thereto, detailing the fees and expenses incurred.

Respectfully submitted,

Defendants Wyndham International, Inc.,
Wyndham Management Corp., Sugar Bay Club and Resort Corp., and Rik Blyth,
by their attorneys,

Geoffrey W. Millsom (#6483)
Jeffrey K. Techentin (#6651)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607/751-0604
Dated: July 8, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of July, 2005, a true and accurate copy of the within Motion for Award of Fees and Costs was sent by regular mail to Joseph G. Petrosinelli, Esq., WILLIAMS & CONNOLLY, LLP, 725 Twelfth St., N.W., Washington, D.C. 20005, and John A. Zebedee, Esq., 10 Norre Gade, 3rd Floor, P.O. Box 900, St. Thomas, U.S. Virgin Islands 00804.

*338341_1.doc*

Respectfully submitted,

Defendants Wyndham International, Inc.,
Wyndham Management Corp., Sugar Bay Club and
Resort Corp., and Rik Blyth,
by their attorneys,

Geoffrey W. Millsom (#6483)
Jeffrey K. Techentin (#6651)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607/751-0604
Dated: July 8, 2005

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| KEVIN FLANAGAN and EILEEN FLANAGAN, in their own right and as next friend of C.F., a minor,<br><br>vs.<br><br>WYNDHAM INTERNATIONAL, INC., WYNDHAM MANAGEMENT CORP., SUGAR BAY CLUB AND RESORT CORP., RIK BLYTH, and BRYAN HORNBY. | C.A. No.: 05-MC-23 S |
| BRIAN and LINDA JAMES, as parents and next friend, and on behalf of B.J., a minor,<br>vs.<br><br>WYNDHAM INTERNATIONAL, INC., WYNDHAM MANAGEMENT CORP., SUGAR BAY CLUB AND RESORT CORP., RIK BLYTH, and BRYAN HORNBY. | Now pending in the United States District Court for the District of the Virgin Islands as C.A. 2002/237-G/C and C.A. 2003/155-G/C |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AWARD OF FEES AND COSTS**

Defendants Wyndham International, Inc., Wyndham Management Corp., Sugar Bay Club and Resort Corp., and Rik Blyth (collectively, "Defendants") respectfully seek an order, pursuant to Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure, awarding Defendants their reasonable expenses incurred, including attorneys' fees, with respect to two motions filed by the Defendants, and granted by this Court. As the Court is aware, the Defendants issued and served subpoenae *duces tecum* on Plaintiffs Brian James and Linda James, and gained compliance with those subpoenae only after successfully bringing a petition to enforce those subpoenae, and a further motion to compel. *See generally*, Memorandum and Order Granting Defendants' Motion to Compel. At the hearing on the second motion to compel, the Court invited Defendants to

submit their expenses for consideration, an invitation embodied in the Order issued on June 29, 2005. *See* Memorandum and Order Granting Defendants' Motion to Compel at 16 n. 9.

Rule 37 is mandatory in nature. Rule 37(a)(4)(A) requires that because the Defendants' motions were granted,

> the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

The Court has already concluded that the Plaintiffs' nondisclosure and interposition of objections were not substantially justified. *See*, *e.g.*, Memorandum and Order Granting Defendants' Motion to Compel at 15 (persuasiveness of testimony undermined by "blatant coaching" by counsel; invocation of work product doctrine "totally without merit"); *id.* at 16 ("Plaintiffs improperly thwarted discovery of information which would inform Defendants and the court whether the claimed privilege or protection actually exists"). As to the Plaintiffs' objections that were overruled in the context of Defendants' first motion, while the Court acknowledged that the Plaintiffs might have been put "on the wrong track" by an order from the Virgin Islands Court, at the hearing on the second motion, the Court stated the following: "Frankly, the Court was being diplomatic. The Court thought the arguments made by plaintiffs were extremely thin." *See* Tr. (6/15/05) at 27.

No other circumstances exist that would make an award of expenses unjust, and therefore Defendants respectfully submit that an award of expenses is appropriate under Rule 37 as to each

of the motions. The applicable expenses, including fees, total $31,246.00, broken down as follows:

1. Motion to Enforce Subpoenae (filed February 16, 2005; order issued March 29, 2005:

a. Fees: $17,870.00

b. Costs: None

2. Continued Depositions of Plaintiff (conducted on April 14, 2005, pursuant to March 29, 2005 order granting motion to enforce subpoenae):

a. Fees: $5975.00

b. Costs: 684.00 (transcripts of depositions)

3. Motion to Compel (filed April 29, 2005; order issued June 29, 2005):

a. Fees: $6,532.50

b. Costs: $184.50 (transcript of h earing)

These fees and expenses are detailed in the attached Declaration of Attorney Beach (Exhibit A) and Declaration of Attorney Beretta (Exhibit B).