SCANNED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**KEVIN FLANAGAN and EILEEN FLANAGAN,**
**Plaintiffs,**

**v.**

**WYNDHAM INTERNATIONAL, INC., *et al.*,**
**Defendants.**

**and**

**BRIAN JAMES and LINDA JAMES,**
**Plaintiffs,**

**v.**

**WYNDHAM INTERNATIONAL, INC., *et al.*,**
**Defendants**

**C.A. No.: 05-mc-23(S)**

**(Now pending in the U.S. District Court for the District of the Virgin Islands, Nos. 2002/237-M/R and 2003/155-M/R)**

**PLAINTIFFS' OBJECTION TO THE WYNDHAM DEFENDANTS' MOTION FOR AWARD OF FEES AND COSTS**

Plaintiffs Brian and Linda James, both in their capacity as parents and next friends of their minor daughter B.J., and in their capacity as recipients of Rule 45 subpoenas *duces tecum* (collectively hereinafter "Plaintiffs"), respectfully submit this Objection to the Wyndham Defendants' Motion for Award of Fees and Costs. Plaintiffs were substantially justified in claiming that the documents sought by the Wyndham Defendants in their April 29, 2005 Motion to Compel were privileged, and therefore, an award of fees and costs under Fed. R. Civ. P. 37(a)(4)(A) is not appropriate. Additionally, even if an award of fees and costs was warranted, the Wyndham Defendants are not entitled to the more than $30,000 they request in their Motion. This amount is not only excessive and unreasonable, but it also includes reimbursement for costs and fees which this Court has already considered and denied. The basis for Plaintiffs' Objection is set forth in detail in the accompanying Memorandum of Law.

Respectfully submitted,

BLISH & CAVANAGH LLP

By: Joseph V. Cavanagh

Joseph V. Cavanagh, Jr., Esq.
Staci L. Kolb, Esq.
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903
(401) 831-8900
(401) 751-7542 (facsimile)

WILLIAMS & CONNOLLY LLP
Joseph G. Petrosinelli, Esq.
Enu Mainigi, Esq.
Jana D. Jobes, Esq.
Erin B. Andrews, Esq.
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

July 18, 2005

*Counsel for Plaintiffs*

FILED
2005 JUL 18 P 1:45
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing PLAINTIFFS' OBJECTION TO THE WYNDHAM DEFENDANTS' MOTION FOR AWARD OF FEES AND COSTS to be served, this 18th day of July 2005, upon the following:

Via Hand Delivery:

Geoffrey W. Millsom
Jeffrey K. Techentin
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

*Counsel for Defendants Wyndham International, Inc., Wyndham Management Corp., and Sugar Bay Club & Resort Corp. and Rik Blyth*

Via First Class Mail:

Douglas C. Beach, Esq.
DUDLEY, CLARK & CHAN, LLP
9720 Estate St. Thomas, Suite 1
St. Thomas, VI 00802

*Counsel for Defendants Wyndham International, Inc., Wyndham Management Corp., and Sugar Bay Club & Resort Corp. and Rik Blyth*

John A. Zebedee, Esq.
HYMES & ZEBEDEE, P.C.
10 Norre Gade, 3rd Floor
Charlotte Amalie
St. Thomas, VI 00804-0990

*Counsel for Defendant Bryan Hornby*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**KEVIN FLANAGAN and EILEEN FLANAGAN,**
**Plaintiffs,**

**v.**

**WYNDHAM INTERNATIONAL, INC., *et al.*,**
**Defendants.**

**and**

**BRIAN JAMES and LINDA JAMES,**
**Plaintiffs,**

**v.**

**WYNDHAM INTERNATIONAL, INC., *et al.*,**
**Defendants**

**C.A. No.: 05-mc-23(S)**

**(Now pending in the U.S. District Court for the District of the Virgin Islands, Nos. 2002/237-M/R and 2003/155-M/R)**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OBJECTION TO THE WYNDHAM DEFENDANTS' MOTION FOR AWARD OF FEES AND COSTS**

Plaintiffs Brian and Linda James, both in their capacity as parents and next friends of their minor daughter B.J., and in their capacity as recipients of Rule 45 subpoenas *duces tecum* (collectively hereinafter "Plaintiffs"), respectfully submit this Objection to the Wyndham Defendants' Motion for Award of Fees and Costs. Plaintiffs were substantially justified in claiming that the documents sought by the Wyndham Defendants in their April 29, 2005 Motion to Compel were privileged, and therefore, an award of fees and costs under Fed. R. Civ. P. 37(a)(4)(A) is not appropriate. Additionally, even if an award of fees and costs was warranted, the Wyndham Defendants are not entitled to the more than $30,000 they request in their Motion. This amount is not only excessive and unreasonable, but it also includes reimbursement for costs and fees which this Court has already considered and denied.

1. The Wyndham Defendants seek excessive fees and expenses associated not only with their Motion to Compel, filed April 29, 2005 (Order issued June 29, 2005), but they also seek nearly $25,000 in costs and expenses associated with a Petition to Enforce Subpoena that the Wyndham Defendants previously filed on February 16, 2005 (Order issued March 29, 2005) and the depositions of Brian and Linda James which arose out of the Court's Order on that Petition. However, this Court previously considered and denied the Wyndham Defendants' request for fees associated with the Petition to Enforce Subpoena and the resulting depositions. *See* Order, dated March 29, 2005 ("Petition is granted in all respects, except for attorneys' fees"); Tr., Dated March 21, 2005, at 28 ("So as for attorneys fees, the request is denied"); Order, dated June 29, 2005, at 4 ("[T]he court declined to grant the request for attorneys' fees" in the Wyndham Defendants' February 16, 2005 Petition). If the Wyndham Defendants were dissatisfied with the Court's ruling regarding their request for costs and attorneys' fees associated with their Petition to Enforce Subpoena, the proper course of action would have been for the Wyndham Defendants to file an objection to the Magistrate Judge's ruling under Fed. R. Civ. P. 72(a) within ten days of being served with the March 29, 2005 Order. As the ten-day deadline for the Wyndham Defendants to seek this remedy has long since passed, the Wyndham Defendants' attempt to now seek reconsideration of the Court's previous ruling by boot-strapping their request to their request for fees and costs associated with their April 29, 2005 Motion to Compel is wholly inappropriate and should be rejected outright.[1]

---

[1] The Wyndham Defendants' representation that the Court "invited" the Wyndham Defendants to seek fees and costs associated with both their April 29, 2005 Motion to Compel and their February 16, 2005 Petition to Enforce, *see* Motion at 1-2, is false. This Court clearly indicated that it intended any consideration of attorneys' fees and costs to be associated solely with the Wyndham Defendants' April 29, 2005 Motion – "[a]t the conclusion of the June 15, 2005, hearing [on the April 29, 2005 Motion] the

2. An award of attorneys' fees and costs is not appropriate under Fed. R. Civ. P. 37(a)(4)(A) if the "opposing party's nondisclosure, response, or objection was substantially justified." "'Substantially justified' does not mean 'justified to a high degree,' but rather 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Notice v. DeBois*, 187 F.R.D. 19, 20 (D. Mass. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* Fed. R. Civ. P. 37(a)(4) advisory committee's note ("substantial justification" exists when there is a "genuine dispute"). Plaintiffs were substantially justified in objecting to the production of documents sought in the Wyndham Defendants' April 29, 2005 Motion to Compel, specifically the handwritten notes of Brian James. A "genuine dispute" existed as to whether Mr. James' notes were communications with his counsel, and thus, protected by the attorney-client privilege and/or whether the notes were created at the direction of counsel in anticipation of litigation, thus subjecting them to protection under the work product doctrine, as well as whether any existing privilege had been waived.[2]

With respect to Plaintiffs' claim of attorney-client privilege, the Court found that "Plaintiffs' claim that the notes were created at the instruction of counsel is dependent upon the deposition testimony of Mr. James and the declarations which he and Attorney

---

court gave notice pursuant to Fed. R. Civ. P. 37(a)(4)(A) that it was considering granting Defendants' request for reasonable expenses and attorney's fees pursuant to Fed. R. Civ. P. 37(a)(4)(A)." See Order, dated June 29, 2005, at 16 n.9. The "request" that the Court was referring to was the one that the Wyndham Defendants made in their April 29, 2005 Motion that "an order compelling such responses and production [of five documents] is appropriate under Rule 37(a)(2)(B), as is an award of reasonable expenses and attorney's fees under Rule 37(a)(4)(A)." Neither the "request" made by the Wyndham Defendants nor the Court's statement anticipates a retroactive application of Rule 37(a)(4)(A) to motions or issues previously litigated by the Wyndham Defendants in this Court.

[2] With respect to waiver, the Court found that Plaintiffs' privilege log lack sufficient specificity to notify the Wyndham Defendants of the precise privileges claimed, and therefore, any privileges not specifically asserted, were waived. *See* Order, dated June 29, 2005, at 12-13. However, Plaintiffs had a reasonable belief that their privilege log – which had been sent to the Wyndham Defendants on April 12, 2004 and to which the Wyndham Defendants had never objected – was sufficiently detailed.

Petrosinelli subsequently executed." Order, dated June 29, 2005, at 15. The Court ultimately found Mr. James' sworn statement to be unpersuasive and to lack credibility, and therefore, rejected Plaintiffs' claim of attorney-client privilege. *See id.* However, the Court's failure to assign credence to the evidence submitted by Plaintiffs does not diminish Plaintiffs' reasonableness in relying on that evidence in the first place. *See, e.g.*, *Bakagi v. Comm'n of Soc. Sec.*, 3 F. Supp. 2d 784, 788 (E.D. Mich. 1998) (finding that defendant's position was "substantially justified" even though it was not supported by "substantial evidence"). In relying upon Mr. James' deposition testimony and declaration in opposition to the Wyndham Defendants' Motion to Compel, Plaintiffs obviously did not doubt the veracity of this evidence, and they reasonably believed that this evidence supported Plaintiffs' claim of privilege in the documents at issue. There is no claim that Plaintiffs misapplied or misconstrued the law they relied upon in opposing the Wyndham Defendants' Motion to Compel. The fact that the Court found Mr. James' declaration unpersuasive, as a factual matter, does not mean that Plaintiffs were not substantially justified in believing that the documents at issue were protected by privilege and in therefore vigorously opposing the Wyndham Defendants' Motion.

The Court also rejected Plaintiffs' claim of work product. *See* Order, dated June 29, 2005, at 15. However, the Court recognized that "[t]here may be certain circumstances, extremely limited, where an attorney's instruction to a client converts the client into an agent such that notes that the client takes of conversations with other persons somehow may become work product. But I'm not persuaded that the plaintiffs had made that showing in this case." Tr., dated June 15, 2005, at 31. Once again, the Court's ruling that Plaintiffs had failed to meet their burden to establish privilege was

based upon the Court's belief that the declaration submitted by Plaintiffs lacked evidentiary value. However, it seems clear that if the Court had found the declaration to be credible, a finding of privilege could have been justified under the circumstances here. Thus, Plaintiffs were substantially justified in claiming privilege over these documents and an award of attorneys' fees and costs is not warranted.

Even if the Court determines that Plaintiffs were not substantially justified in claiming privilege over the documents sought by the Wyndham Defendants, the Wyndham Defendants' request for more than $6,000 in attorneys' fees and costs associated with the April 29, 2005 Motion to Compel should be rejected. It is well established that the amount of an award of attorneys' fees is within the discretion of the Court and that the Court can make a downward adjustment of requested attorneys' fees and costs when such requested costs are excessive or unreasonable. *See Fashion House, Inc. v. K-Mart Corp.*, 124 F.R.D. 15, 23 (D.R.I. 1988); *Reading Cycles, Inc. v. Cycom Corp.*, 112 F.R.D. 22, 24-25 (D. Mass. 1986).

The Wyndham Defendants' request for fees and costs associated with their Motion to Compel are unreasonable for several reasons. First, it is not evident from the face of the Wyndham Defendants' Motion and attached declarations which fees the Wyndham Defendants allocate to their April 29, 2005 Motion to obtain a total of $6,532.50. Second, the fees in the declaration of Douglas Beach, Esq. do not correlate with those in the declaration of Richard Beretta, Jr. For example, the Wyndham Defendants seeks fees related to Attorney Techentin's alleged conversations with Attorney Beach on April 18, 2005; however, there is no corresponding entry for Attorney Beach reflecting a conversation on April 18, 2005. *Compare* Ex. B of Motion at 4 *with* Ex. A of Motion at 8. Third, the Wyndham Defendants seek fees, such as reviewing Mr.

James' notes produced by Plaintiffs, *see* Ex. A of Motion at 9, that would have been incurred regardless of the Wyndham Defendants' Motion to Compel. Accordingly, if the Court determines that an award of fees and costs is appropriate here, Plaintiffs respectfully request that the Court reduce the requested amount to one that is reasonable and appropriate.

Respectfully submitted,

BLISH & CAVANAGH LLP

By: ______________________
Joseph V. Cavanagh, Jr., Esq.
Staci L. Kolb, Esq.
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903
(401) 831-8900
(401) 751-7542 (facsimile)

WILLIAMS & CONNOLLY LLP
Joseph G. Petrosinelli, Esq.
Enu Mainigi, Esq.
Jana D. Jobes, Esq.
Erin B. Andrews, Esq.
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)

July 18, 2005

*Counsel for Plaintiffs*

DISTRICT OF RHODE ISLAND
U.S. DISTRICT COURT
2005 JUL 18 P 1: 44
FILED

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OBJECTION TO THE WYNDHAM DEFENDANTS' MOTION FOR AWARD OF FEES AND COSTS to be served, this 18th day of July 2005, upon the following:

Via Hand Delivery:

Geoffrey W. Millsom
Jeffrey K. Techentin
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

*Counsel for Defendants Wyndham International, Inc., Wyndham Management Corp., and Sugar Bay Club & Resort Corp. and Rik Blyth*

Via First Class Mail:

Douglas C. Beach, Esq.
Dudley, Clark & Chan, LLP
9720 Estate St. Thomas, Suite 1
St. Thomas, VI 00802

*Counsel for Defendants Wyndham International, Inc., Wyndham Management Corp., and Sugar Bay Club & Resort Corp. and Rik Blyth*

John A. Zebedee, Esq.
HYMES & ZEBEDEE, P.C.
10 Norre Gade, 3rd Floor
Charlotte Amalie
St. Thomas, VI 00804-0990

*Counsel for Defendant Bryan Hornby*