UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEVIN FLANAGAN and EILEEN FLANAGAN, in their own right and as next friend of C.F., a minor, Plaintiffs, v. WYNDHAM INTERNATIONAL, INC., WYNDHAM MANAGEMENT CORP., SUGAR BAY CLUB AND RESORT CORP., RIK BLYTH, and BRYAN HORNBY, Defendants. | : | MC 05-23 S |
| BRIAN and LINDA JAMES, as parents and next friend, and on behalf of B.J., a minor, Plaintiffs, v. WYNDHAM INTERNATIONAL, INC., WYNDHAM MANAGEMENT CORP., SUGAR BAY CLUB AND RESORT CORP., RIK BLYTH, and BRYAN HORNBY, Defendants. | : | |

**MEMORANDUM AND ORDER**
**GRANTING IN PART WYNDHAM DEFENDANTS' MOTION AWARD OF FEES AND COSTS**

Before the court is the Motion for Award of Fees and Costs (Document ("Doc.") #32) ("Motion") of Defendants Wyndham International, Inc., Wyndham Management Corp., Sugar Bay Club and Resort Corp., and Rik Blyth (collectively "Wyndham Defendants"). The Motion seeks expenses, including fees, totaling $31,246.00 in connection with three matters: 1) the Motion to Enforce Subpoenae (Doc. #1) filed on February 16, 2005 (fees of $17,870.00); 2) the continued depositions of Plaintiffs conducted on April 14, 2005, pursuant to the Order of March 29, 2005 (Doc. #16) (fees of

$5,975.00 and expenses of $684.00); and 3) the Motion to Compel (Doc. #20) filed on April 29, 2005 (fees of $6,532.50 and expenses of $184.50). See Memorandum of Law in Support of Motion for Award of Fees and Costs ("Wyndham Defendants' Mem.") at 3. Plaintiffs Brian and Linda James, both in their capacity as parents and next friend of their minor daughter, B.J., and in their capacity as recipients of Rules 45 subpoenas duces tecum (collectively "Plaintiffs"), have filed an objection to the Motion. See Plaintiffs' Objection to the Wyndham Defendants' Motion for Award of Fees and Costs (Doc. #33) ("Objection"). A hearing was held on August 24, 2005. For the reasons stated below, the Motion is granted in part and denied in part.

To the extent that the Motion seeks fees and expenses in connection with the Petition to Enforce Subpoenae (Doc. #1), the Motion is denied because the court has already rejected this request. See Transcript of March 21, 2005, Hearing (Doc. #19) ("3/21/05 Tr.") at 27 ("I'm not going to grant the requests for attorneys fees."); Order of 3/29/05 (Doc. #16) at 1 (granting the motion "except for attorneys' fees"); see also Memorandum and Order Granting Defendants' Motion to Compel (Doc. #31) ("Memorandum and Order of 6/29/05") at 4 ("the court declined to grant the request for attorneys' fees"). If the Wyndham Defendants disagreed with this ruling, their recourse was to seek review of the Order of 3/29/05.

To the extent that the Motion seeks fees and expenses in connection with the continued depositions of Plaintiffs on April 14, 2005, the Motion is denied, except as to the request for the cost of the transcript of Brian James' deposition.[1] The

[1] The Wyndham Defendants state the cost of the "transcripts" as being $684.00. See Memorandum of Law in Support of Motion for Award of Fees and Costs ("Wyndham Defendants' Mem.") at 3. The court intends only to award the cost of the transcript of the deposition of Brian James. The Wyndham Defendants are directed to submit evidence

depositions were a direct result of the Order of 3/29/05 and would have occurred even if the Wyndham Defendants did not file the Motion to Compel. Therefore, the Wyndham Defendants are not entitled to attorneys' fees associated with the continued depositions. However, the Wyndham Defendants are entitled to the cost of the transcript of Mr. James' April 14, 2005, deposition as the transcript was a key factor in the court's decision to grant the Wyndham Defendants' Motion to Compel. See Memorandum and Order of 6/29/05 at 7-10 (quoting from the transcript).

To the extent that the Motion seeks fees and expenses in connection with the Motion to Compel (Doc. #20), the Motion is granted, except as the cost of transcript of the June 15, 2005, hearing, for the following reasons. First, the court ruled at the March 21, 2005, hearing that there was no privilege with respect to Plaintiffs' communications with the governmental authorities in the Virgin Islands, see 3/21/05 Tr. at 24-25, and, thus, Plaintiffs were on notice of this ruling.

Second, the court also advised Plaintiffs at the March 21, 2005, hearing of its belief that the "matter was extremely clear-cut," id. at 27, "that the arguments made by the plaintiffs in opposition to the [Petition to Enforce Subpoena] were a stretch," id., and that the court was declining to grant the request for attorneys' fees "only because I have to acknowledge that arguably, perhaps by relying upon the opinion of the Magistrate Judge in the Virgin Islands,[2] counsel for the plaintiffs was

---

of the cost of that transcript. See n.6.

[2] On May 19, 2003, a magistrate judge of the U.S. District Court for the Virgin Islands issued an order in the related case of Gayter et al. v. Wyndham Int'l Inc., et al., C.A. No. 2001-147 M/R (D.V.I.) (the "Gayter" case), finding that certain documents, specifically e-mails between plaintiffs in the Gayter case and Virgin Islands Assistant Attorney General Douglas Dick regarding the criminal prosecution of Brian

somehow put on the wrong track, and that track continued," id. at 28.

Third, notwithstanding the court's prior ruling and its caution that Plaintiffs had come close to having expenses imposed against them for failing to produce the requested document, Plaintiffs refused on April 14, 2005, to produce four additional documents requested by the Wyndham Defendants,[3] claiming that these documents were privileged under the work product doctrine and the attorney-client privilege and that "[t]he privilege of these documents [was] independent of any previous claim that these documents were protected under the common interest doctrine," Memorandum of Law in Support of Motion to Compel (filed in support of Doc. #20), Exhibit ("Ex.") E (Letter from Jobes to Beach of 4/14/05). Plaintiffs had not previously asserted these "independent" claims of privilege as to these documents (except as to the handwritten notes of Mr. James to

---

> Hornby, were protected and not discoverable. See Declaration of Douglas C. Beach (Document #3) ("Beach 2/16/05 Decl."), Exhibit ("Ex.") D (Memorandum) at 2-3, 6. In reaching his decision, the magistrate judge referred to both the attorney-client privilege and the work product privilege, although it is not clear from his order which documents, if any, were protected by the attorney-client privilege. See id. at 3 n.3.
>
> On October 1, 2004, Virgin Islands District Judge Thomas K. Moore reversed the magistrate judge, finding that the documents were not protected under the work product doctrine because they were not prepared by or on behalf of attorneys in anticipation of litigation, see id. at 5-6, and that "the magistrate judge's decision was clearly erroneous and contrary to law," id. at 7.

Memorandum and Order Granting Defendants' Motion to Compel (Doc. #31) ("Memorandum and Order of 6/29/05") at 4 n.2.

[3] Plaintiffs refused to produce Documents J00032, J00037, J00038, and J00039-40. See Memorandum of Law in Support of Motion to Compel (filed in support of Doc. #20), Ex. E (Letter from Jobes to Beach of 4/14/05).

counsel[4]), see Memorandum and Order of 6/29/05 at 13 (so finding), and, therefore, Plaintiffs had waived them, see id. (so finding). Even if Plaintiffs had not waived these claims, the notes Mr. James took during his telephone conversations with Virgin Islands authorities were not privileged because they were not attorney-client communications. See id. at 14 (so finding). Thus, Plaintiffs were not substantially justified in claiming that the documents sought by the Wyndham Defendants in their April 29, 2005, Motion to Compel were privileged.

The court rejects Plaintiffs' contention that they had a reasonable belief that their privilege log was sufficiently detailed to communicate the additional grounds of privilege subsequently asserted in the April 14, 2005, letter from Attorney Jobes to Attorney Beach. See Memorandum of Law in Support of Plaintiffs' Objection to the Wyndham Defendants' Motion for Award of Fees and Costs ("Plaintiffs' Mem.") at 3 n.2. The court does so for the same reasons it rejected this contention when the court granted the Motion to Compel. See Memorandum and Order of 6/29/05 at 11-13 (stating reasons for rejecting contention). The court also rejects Plaintiffs' claim that they reasonably relied upon Mr. James' deposition testimony and declaration in opposition to the Wyndham Defendants' Motion to Compel, see Plaintiffs' Mem. at 4. Given the blatant, improper coaching by Plaintiffs' counsel at the deposition, see Memorandum and Order of 6/29/05 at 7-10 (citing examples), finding that this testimony provides a basis for avoiding imposition of expenses pursuant to Rule 37(a)(4)(A) would reward the very conduct which the court

[4] The Wyndham Defendants were not seeking production of these handwritten notes and had stated that the documents could be produced in redacted form. See Reply Memorandum of Law in Support of Motion to Compel at 2-3 (conceding that handwritten notes to counsel on the documents were privileged and stating that the documents should be produced with those notes redacted).

seeks to curb. Accordingly, the court declines to find that Plaintiffs' reliance on such testimony was reasonable. As for Mr. James' declaration, the court had already commented adversely upon the absence of such an affidavit at the hearing on March 21, 2005. See id. at 15 (so noting). Given this circumstance, it was not reasonable for Plaintiffs to believe that by producing such an affidavit after the fact the court would uphold the claim of privilege as to the documents in issue.

The court additionally rejects Plaintiffs' argument that if the court had found Mr. James' declaration to be credible, a finding of privilege could have been justified, see Plaintiffs' Mem. at 5, and that, therefore, Plaintiffs were substantially justified in claiming work product privilege, see id. at 4-5. This argument ignores the fact that the court found Plaintiffs' claim that the documents were protected work product to be "totally without merit." Memorandum and Order of 6/29/05 at 15. An argument which is "totally without merit" cannot be the basis for reasonable reliance.

Fourth, and most significantly, the improper conduct of Plaintiffs' counsel at the April 14, 2005, deposition effectively thwarted discovery of information which would have informed the Wyndham Defendants and the court whether the claimed privilege actually existed as to the documents. See Memorandum and Order of 6/29/05 at 16 (so finding). Not only were many of the objections interposed by Plaintiffs' counsel at the deposition not "substantially justified," Fed. R. Civ. P. 37(a)(4)(A),[5] they

---

[5] Federal Rule of Civil Procedure 37(a)(4)(A) provides in relevant part that:

> **the court shall**, after affording an opportunity to be heard, **require the** party or deponent whose conduct necessitated the motion or the party or **attorney advising such conduct** or both of them **to pay to the moving party the reasonable expenses incurred in making the motion**, including attorney's fees,

were completely without merit, see Memorandum and Order of 6/29/05 at 7 (so stating).

Turning now to the Wyndham Defendants' request for specific fees and expenses, the court concludes that the appropriate starting point at which to begin the award of expenses is the date on which work reasonably related to the Motion to Compel (Doc. #20) commenced. For Attorney Douglas C. Beach, the court identifies that date as being April 27, 2005. See Wyndham Defendants' Mem., Ex. A (Declaration of Douglas C. Beach dated 7/6/05 ("Beach Decl.") at 8. From April 27 through June 30, 2005, Mr. Beach devoted a total of 3.1 hours which the court finds were reasonably related to the Motion to Compel. Multiplying those 3.1 hours by Mr. Beach's hourly rate of $200.00 results in attorney's fees attributable to Mr. Beach of $620.00.

For Attorney Jeffrey K. Techentin, the first entry which the court identifies as reflecting work reasonably related to the Motion to Compel is April 18, 2005. See Wyndham Defendants' Mem., Ex. B (Declaration of Richard R. Beretta, Jr., dated 7/8/05 ("Beretta Decl.") at 4. From April 18, 2005, through June 15, 2005, Mr. Techentin expended a total of 21.75 hours which were reasonably related to the Motion to Compel. See id. at 4-5. Multiplying those 21.75 hours by his hourly rate of $250.00 yields a total of $5,437.50 in attorney's fees attributable to Mr. Techentin's work.

For Attorney Richard R. Beretta, the court finds that the April 19, 2005, entry "[a]ttention to discovery dispute," id. at

---

> **unless the court finds** that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or **that the opposing party's** nondisclosure, response, or **objection was substantially justified**, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A) (bold added).

6, and subsequent entries can reasonably be attributable to the Motion to Compel, see id. From April 19, 2005, through June 15, 2005, Mr. Beretta worked a total of 1 hour relative to the Motion to Compel. See id. However, the court concludes that the preparation and prosecution of the Motion to Compel did not require the services of three attorneys, especially where the services rendered by Mr. Beretta, whose hourly rate is $350.00, appear to consist primarily of conferring with Mr. Techentin. See id. Accordingly, the court does not award any fees attributable to Mr. Beretta's work.

In summary, the court finds that the Wyndham Defendants are entitled to a total of $6,057.50 in attorneys' fees ($620.00 for Mr. Beach + $5,437.50 for Mr. Techentin = $6,057.50). As previously stated, the Wyndham Defendants are entitled to recover for the cost of the transcript of the continued deposition of Mr. James because the transcript of Mr. James' April 14, 2005, deposition significantly influenced the court's decision to grant the Motion to Compel. However, the court does not find that the transcript of the June 15, 2005, hearing was necessary to the prosecution of the Motion to Compel or to the instant Motion. The court gave notice at the June 15th hearing that it would render a written decision and the parties were not required submit their filings in connection with the instant Motion until after they had received that written decision. Accordingly, the court does not award the Wyndham Defendants the $184.50 sought for the transcript of the June 15, 2005, hearing.

For the reasons stated above, the court finds that Plaintiffs' refusal to produce the documents identified in Attorney Jobes' letter to Attorney Beach of April 14, 2005, and sought by the subsequently filed Motion to Compel (Doc. #20) was not "substantially justified." Fed. R. Civ. P. 37(a)(4)(A). Accordingly, the Motion is granted to the extent explained above.

The Wyndham Defendants are awarded expenses in the amount of $6,057.50 (attorneys' fees) plus the cost of the transcript of Mr. James' deposition on April 14, 2005.[6] As the court finds for the reasons detailed in this Memorandum and Order and in the Memorandum and Order of 6/29/05 that it was the conduct of Plaintiffs' counsel and not Plaintiffs that necessitated the Motion to Compel, the $6,741.50 shall be paid by Plaintiffs' counsel.

So ordered.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
August 30, 2005

BY ORDER:

Deputy Clerk

[6] As the Wyndham Defendants apparently have combined the cost of the transcripts of the depositions of Brian and Linda James on April 14, 2004 ($684.00), the Wyndham Defendants shall provide Plaintiffs with a statement of the cost of Mr. James' deposition only.