UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

05-MC-23S

KEVIN FLANAGAN, et al.

vs.

WYNDHAM INTERNATIONAL INC., et al.
and BRIAN JAMES, et al.

vs.

WYNDHAM INTERNATIONAL INC., et al.

Case Numbers: 2002/237 – G/C and
2003/155 – G/C*
*Currently pending in
the U.S. District Court,
District of Virgin Islands

**MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER**

Now comes Rhode Island Hospital (the "Hospital") and seeks a Protective Order from this Court and/or an Order quashing the subpoena served on December 28, 2005, regarding certain health care information sought in the above-captioned matter. (Please see attached Exhibit "A".) In support of this Motion, the Hospital states that the medical records sought are subject to protection by state law. In further support of the Motion, the Hospital relies upon the argument set forth below.

**ARGUMENT**

**A. The Information Sought is Confidential and Privileged.**

The Confidentiality of Health Care Communications and Information Act (the "Act"), R.I. Gen. Laws § 5-37.3-1 et seq., generally bars the disclosure of a patient's confidential health care information without the patient's written consent. The Act also subjects violators to both actual and punitive damages, as well as criminal penalties. R.I. Gen. Laws § 5-37.3-4 (a)(1)-(3).

Accordingly, persons seeking information protected by the Act must follow the specific procedures set forth in § 5-37.3-6.1.

The information protected by the Act includes "all information relating to a patient's health care history, diagnosis, condition, treatment or evaluation obtained from a health care provider who has treated the patient." R.I. Gen. Laws § 5-37.3-3 (3)(ii). The word "treated" is not specifically defined. Any relationship with a health care provider may constitute treatment as contemplated by the Act.

The Act establishes a presumption in favor of privacy. With regard to the adjudication of a motion to quash, the Act requires that "the court <u>shall</u> grant a motion to quash unless the requesting party can demonstrate that there is reasonable grounds to believe the information being sought is relevant to the proceedings, and the need for the information <u>clearly outweighs</u> the privacy interest of the individual." R.I. Gen. Laws § 5-37.3-6.1 (d) (emphasis added). To that end, the Court is directed to consider: 1) the particular purpose for which the information was collected; 2) the individual's reasonable expectation of privacy in the information; 3) the degree to which disclosure of the information would embarrass, injure, or invade the privacy of the individual; 4) the effect of the disclosure on the individual's future health care; 5) the importance of the information to the lawsuit or proceeding; and 6) whether the information is available from other sources. R.I. Gen. Laws § 5-37.3-6.1 (e).

While there are certain statutory exceptions to the general rule barring disclosure of records, those exceptions are inapplicable when the records contain evidence regarding the use of drugs and alcohol, evidence of testing and/or results of testing for HIV, sexually transmitted diseases and mental health treatment. The aforementioned information may <u>only</u> be released by court order in accordance with the applicable rules of civil procedure. The information sought

here involves privileged, sensitive records, and therefore, only an *in camera* review will adequately protect the interests of the patient and Rhode Island Hospital.

In the instant case, the information requested in the subpoena contains sensitive information. The patient has not provided the Hospital with an authorization form for the release of the requested records. Therefore, based upon the foregoing, the Hospital cannot release the subject records. In addition, the party requesting the information has not provided the Hospital with certification that the patient has been given twenty (20) days' notice to object to the subpoena pursuant to the Act. Accordingly, Rhode Island Hospital respectfully requests that this Honorable Court issue a Protective Order and/or an Order quashing the subpoena issued.

Rhode Island Hospital
By Its Attorneys,

Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614

Dated: January 3, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3RD day of January, 2006, I caused to be sent by facsimile a true copy of the within Motion to Quash to:

Jeffrey K, Techentin, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

Joseph V. Cavanagh, Esq.
Blish & Cavanagh LLP
30 Exchange Terrace
Providence, RI 02903

[signature]