# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Post # 41 IFD- 11643378 12/28

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

KEVIN FLANAGAN, et al.
V.
WYNDHAM INTERNATIONAL INC., et al.
-and-
BRIAN JAMES, et al.
V.
WYNDHAM INTERNATIONAL, INC., et al.

## SUBPOENA IN A CIVIL CASE

CASE NUMBERS:[1] 2002/237 – G/C -and- 2003/155 – G/C*
*Currently pending in the U.S. District Court, District of Virgin Islands

A True Copy Attest 12-28-05

Due 1-4-06

TO: **Custodian of Records**
**Hasbro Children's Hospital**
**593 Eddy Street**
**Providence, RI 02905**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Schedule A to SUBPOENA DUCES TECUM**

| PLACE | DATE AND TIME |
|---|---|
| **Adler Pollock & Sheehan P.C.**<br>**One Citizens Plaza, 8th Floor**<br>**Providence, RI 02903-1345** | **Thursday, January 4, 2006, at 9:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendants | December 28, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jeffrey K. Techentin, Esq., Adler Pollock & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903
(401) 274-7200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ ______________________
DATE SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A TO SUBPOENA DUCES TECUM

**RECORDS DELIVERY ONLY, NO ORAL TESTIMONY WILL BE TAKEN**

**(IF REQUESTED RECORDS ARE MAILED OR DELIVERED PRIOR TO COURT DATE, YOU NEED NOT APPEAR)**

TO: **Custodian of Records**
**Hasbro Children's Hospital**
**593 Eddy Street**
**Providence, RI 02905**

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal rules of Civil Procedure, you are commanded to appear at the offices of **Jeffrey K. Techentin, Esq., Adler Pollock & Sheehan P.C., One Financial Plaza, 8th Floor, Providence, Rhode Island 02903-1345; telephone (401) 274-7200,** on **Thursday, January 4, 2006,, at 9:00 a.m.,** and to have with you at that time and place, a copy of any and all documents and communications, whether stored electronically, or hard copy, microfiche or on microfilm, relating to, regarding and/or pertaining to the following:

1. **BREANNA MARY JAMES**

   including, but not limited to, any and all medical records, medical reports, medical opinions, mental health records, mental health reports, mental health opinions, psychological records, psychological tests, questionnaires, raw test data, psychological notes, reports, drawings, diagrams, opinions, x-ray films and reports, radiographic films, radiographic studies, radiographic reports, papers, notes and histories, pathology, tissue samples, cytology, blocks, slides or other pathology, laboratory specimens and laboratory reports, concerning any medical history and/or treatment, consultations, examinations, periods of hospitalizations or confinement, diagnoses, or any other information pertaining to and concerning her physical and mental condition and treatment or billing/payment information thereto.

If any information is withheld because such information is stored electronically or by means other than printed material, please submit a written statement, no later than the date of the

commencement of the document production, identifying the subject matter of the information and the place or places where such information is maintained and providing a suitable program or method of retrieving such information.

These items will be inspected and may be copied at the above time and place. You will not be required to surrender the original items. **You may comply with this subpoena by giving legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.** You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. **You may mail or deliver the copies to the address which appears on this subpoena and thereby eliminate your appearance at the time and place specified above.** You have the right to object to the production pursuant tot his subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.

In responding, please review and comply with the "Definitions and Rules of Construction" and "Instructions" as set forth below.

## DEFINITIONS AND RULES OF CONSTRUCTION

1. When used herein, the term "**document**" incorporates Fed. R. Civ. P. 34, and is used in the broadest sense, including without limitation original and non-identical copies, whether by reason of marginal or other notes or alterations, and further includes, without limitation, the following items, whether printed, recorded, or reproduced, electronically or otherwise: Communications, including inter-company and intra-company communications, transcripts, statements, reports, correspondence, telegrams, cables, telecopies, telexes, memoranda, records, investigation notes, notations, notes, notebooks, note charts, recordings, accounts, analytical records, summaries, opinions, video tapes, audio tapes, photographs, drawings, diagrams, graphs, drafts, letters, working papers, pamphlets, information booklets and/or packages, ledgers, checks, check stubs, receipts, invoices and other papers or writings of any character or description, including

without limitation any information contained in any computer or information-retrieval devices, e-mail, any marginalia comments appearing on or affixed to any document, and other writings.

2. When used herein, the term "**communication**" means any oral or written exchange of words, thought or ideas to another person, or group, by telephone, letter or any other process, electronic or otherwise, including correspondence, conversations, telephone calls, dialogues, meetings, hearings, lectures, discussions, interviews, telegrams, telexes, cables, memoranda, agreements and/or oral, written and/or other understandings. All such communications in writing shall include, without limitation, all such "documents" as defined herein.

3. When used herein, the term "**person**" includes natural persons, groups of natural persons acting in a collegial capacity (*e.g.*, a committee or council), corporations, partnerships, associations, trusts, joint ventures and any other incorporated or unincorporated business, governmental, public, foreign or legal entity. A reference to any person shall include, when applicable, its subsidiaries, controlled persons, controlling persons, shareholders, officers, directors, employees, agents or other persons acting, or purporting to act, on its behalf.

4. When used herein, the terms "**relate**" and "**relating**" and "**concern**" and "**concerning**" and "**regard**" "**regarding**" mean, in addition to their usual and customary meaning, referring, discussing, reflecting, assessing, recording, commenting, evidencing, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, pertaining to, concerning, directly or indirectly, in whole or in part; or to be otherwise factually, legally or logically connected to the matter discussed.

5. When used herein, the term "**and**" includes "or" and the term "**or**" includes "and"; the term "**any**" includes "all" and the term "**all**" includes "any"; the term "**each**" includes "every" and the term "**every**" includes "each"; the terms "**includes**" and "**including**" mean "includes, but is not limited to" and "including, but is not limited to;" the use of the singular form of any word includes the plural and vice versa; the use of the capitalized form of any word includes the non-capitalized form and vice versa.

6. The term "**you**" and "**your**" means **the Custodian of Records, Hasbro Children's Hospital,** and any of his/her agents, employees, attorneys and/or representatives, or wholly owned companies.

7. The documents requested encompass documents retained by your attorneys.

8. When used herein, "**BREANNA MARY JAMES**" includes any of her agents, employees, attorneys or representatives.

9. All rules of construction set forth in the Federal Rules of Civil Procedure for the United States District Court from which this subpoena is issued and the Local Rules of Civil Procedure of the District Court of the Virgin Islands are incorporated herein by reference.

## INSTRUCTIONS

1. These requests are intended to cover all documents and things in the possession, custody or control of the Deponent, the **Custodian of Records of Hasbro Children's Hospital**. A document or thing is deemed to be in the possession, custody, or control of the Deponent if: (a) it is in the physical control of the Deponent, or (b) it is in the physical control of any other person or entity, but the Deponent:

   i. owns the document or thing in whole or in part;

   ii. has a right by contract, statute, or otherwise, to use, inspect, examine, or copy that document or thing on any terms; or

   iii. has, as a practical matter, been able to use, inspect, examine, or copy that document or thing when he/she has sought to do so.

2. With respect to each document which is not produced based upon any claim of privilege, immunity or otherwise, you are instructed to provide: (a) the name and address of the originator or sender of the document; (b) the name and address of the author of the document; (c) the name or address of each person to whom the document was directed or addressed; (d) the name and address of each person to whom the document (including copies of the document) was distributed, directed or sent; (e) the name and address of each person who has seen the document or any copy of the document or participated in communications about the document; (f) the job title of each person listed in items (a) through (e) above; (g) the date of the document; (h) the length of the document; (i) whether the document contained any attachments, enclosures, exhibits or appendices; (j) a general description of the nature and subject matter of the document; (k) the present custodian of the document; (l) the date on which the document or a copy thereof was received by each person having possession of the document or a copy thereof; and (m) the reason the document was not produced, *i.e.*, the basis of the claimed privilege.

3. If any document that is referred to or identified in this discovery request has been lost, discarded or destroyed, including documents not produced based upon a claim of privilege or otherwise, identify each such document as completely as possible (*see, e.g.*, identification information for privileged documents) including: (a) the date of disposal or loss; (b) the person who authorized the disposal; (c) any person having knowledge of the disposal or loss; (d) the person who disposed of the document; and (e) the reason for the disposal.

4. Relevant Time Period. Unless otherwise specified, the relevant time period for the documents requested herein is January 1, 1990 to the present.

If you fail to:

(1) appear as specified; or

(2) furnish the records instead of appearing as provided above; or

(3) object to this subpoena

you may be in contempt of Court. You are subpoenaed by the attorney whose name appears on the subpoena, and unless excused from the subpoena by the attorney or the Court, you shall respond to the subpoena as directed.

Dated: December 21, 2005

Respectfully submitted,
ADLER POLLOCK & SHEEHAN P.C.

By: [signature]
Jeffrey K. Techentin, Esq.
Attorney for Defendants Wyndham International, Inc., Wyndham Management Corp., Sugar Bay Club and Resort, Corp. and Rik Blyth
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

*365829_1.doc*